**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:12-CV-61368-RNS**

IRA MARC FLADELL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,
WELLS FARGO INSURANCE INC.,
and AMERICAN SECURITY
INSURANCE COMPANY
(d/b/a ASSURANT SOLUTIONS,
ASSURANT SPECIALTY PROPERTY),

    Defendants.
_____/

**AMERICAN SECURITY INSURANCE COMPANY'S MOTION TO STAY PENDING
DETERMINATION BY THE JPML ON MOTION TO TRANSFER OR,
IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME**

    Defendant American Security Insurance Company ("ASI") hereby moves for an order staying this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on the Amended Motion to Transfer for Coordinated or Consolidated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 ("Amended Motion to Transfer") filed by the plaintiffs in *Barreto v. Chase Home Finance, LLC*, Case No. 1:12-cv-22053-KMM (S.D. Fla.). Several courts have already stayed similar actions pending the decision by the JPML on the Amended Motion to Transfer.

    In the alternative, ASI respectfully requests an enlargement of 30 days—up to and including September 24, 2012—to answer or otherwise respond to plaintiff's Complaint. Good cause exists for both the requested stay and the alternative relief of an enlargement of time for

ASI's response to the Complaint because, among other reasons, plaintiff has agreed both to the requested stay and the enlargement of time, counsel for ASI requires additional time to evaluate the facts involved and to formulate a response to the Complaint, and no prejudice will result from the requested enlargement of time.

In support of this Motion, ASI states the following:

1. Plaintiff filed the Class Action Complaint in this case on July 11, 2012.

2. ASI was served on August 2, 2012. Thus, ASI's response to the Complaint is currently due on or before August 23, 2012.

3. Plaintiff has asserted breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and tortious interference with a business relationship claims against the various defendants, based upon the defendants' alleged practices concerning the placement of insurance on borrowers' properties in accordance with the applicable mortgage agreements when the borrowers fail to maintain their existing insurance on the properties. *See* Compl., D.E. 1.

4. Plaintiff seeks certification of a National class of persons who "were charged for a force-placed insurance policy . . . ." Compl. ¶ 53.

5. Approximately 50 other lender-placed insurance putative class actions have been filed in various District Courts.

6. On June 14, 2012, the plaintiffs in *Barreto v. Chase Home Finance, LLC*, Case No. 1:12-cv-22053-KMM (S.D. Fla.), who are represented by the same counsel as plaintiff in this case, filed a motion with the JPML to consolidate several pending lender-placed insurance actions and to transfer them to the Southern District of Florida.

7. On July 12, 2012, the *Barreto* plaintiffs filed the Amended Motion to Transfer,

seeking to consolidate thirty-two cases that are pending in fourteen different District Courts. A copy of the Amended Motion to Transfer is attached hereto as Exhibit A.

8.  This case was designated in the Amended Motion to Transfer as a related case and is one of the cases the *Barreto* plaintiffs are seeking to consolidate.

9.  ASI opposes the motion to transfer, but respectfully submits that the Court should stay this action pending a decision by the JPML on the motion to transfer.

10. It is well-settled that this Court has the authority to stay proceedings to manage its docket, based upon the circumstances of a particular case. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

11. Applying this principle, courts routinely stay actions that are the subject of a pending motion to transfer before the JPML. *See, e.g.*, *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (following rule and emphasizing that "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML"); *Republic of Venezuela v. Philip Morris Cos., Inc.*, 1999 WL 33911677, at *1 (S.D. Fla. April 28, 1999) (same).

12. Indeed, several lender-placed insurance actions pending in the Southern District of Florida have been stayed and administratively closed pending the resolution of the JPML's determination of the Amended Motion to Transfer. *See Pulley v. JPMorgan Chase Bank, N.A.*, No. 12-cv-60936 (S.D. Fla.) (copy attached hereto as Exhibit B); *Knox v. JPMorgan Chase Bank*, *N.A.*, No. 12-cv-21702 (S.D. Fla.) (copy attached hereto as Exhibit C); *Yogev v. JPMorgan Chase Bank*, *N.A.*, No. 12-cv-21988 (S.D. Fla.) (copy attached hereto as Exhibit D); *Herrick v. JP Morgan Chase Bank, N.A.*, Case No. 1:12-cv-22256 (S.D. Fla.) (copy attached hereto as Exhibit E); *Barreto*, Case No. 1:12-cv-22053 (S.D. Fla) (D.E. 20, Paperless Order).

13. Staying this case will not prejudice any party. This case is at an early stage. Defendants have not yet had to respond to plaintiff's Complaint, and the parties have not yet engaged in any discovery. Thus, plaintiff will not be prejudiced by a stay pending the decision by the JPML on the Motion to Transfer.

14. Notwithstanding ASI's opposition to the proposed transfer, the JPML could grant the requested transfer and staying this action would avoid the unnecessary expenditure of party and judicial resources litigating this action in this Court if it is ultimately transferred to an MDL. *See Hallie v. Wells Fargo Bank, N.A.*, Case No. 2:12-cv-235 (N.D. Ind.) (granting stay pending resolution of Amended Motion to Transfer because "a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute.") (citation and quotations omitted) (copy attached hereto as Exhibit F).

15. In addition, counsel for ASI has conferred with plaintiff's counsel, and Plaintiff's counsel have advised the undersigned that plaintiff does not oppose the requested stay.

16. Should the Court postpone a decision on, or deny the requested stay, ASI respectfully requests as alternative relief that the Court grant an enlargement of 30 days—up to and including September 24, 2012 — for ASI to answer or otherwise respond to the Complaint.

17. Good cause exists for the requested enlargement of time. ASI conferred with plaintiff's counsel regarding the requested enlargement, and plaintiff's counsel have stated they have no objection to the requested 30-day enlargement of time for ASI to respond to the Complaint. Moreover, counsel for ASI require additional time to evaluate the facts involved and to formulate a response to the Complaint, and no prejudice will result from the requested enlargement of time.

18. Proposed orders are attached to this Motion.

WHEREFORE, ASI respectfully requests that the Court stay all proceedings in this case pending the JPML's determination of the Amended Motion to Transfer or, in the alternative, grant the requested 30-day enlargement of time for ASI to answer or otherwise respond to the Complaint.

### CERTIFICATE REGARDING PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with counsel for the plaintiff regarding the requested stay and the requested 30-day enlargement of time for ASI to answer or otherwise respond to the Complaint. Plaintiff's counsel advised counsel for ASI that plaintiff does not oppose the requested stay and the 30-day enlargement of time.

Dated:  August 17, 2012            Respectfully submitted,

-/s/- *Farrokh Jhabvala*

Frank Burt, Esq.
Florida Bar No. 197963
Farrokh Jhabvala
Florida Bar No. 765155
JORDEN BURT LLP
Suite 400 East
1025 Thomas Jefferson Street, NW
Washington DC  20007-5208
Telephone:  (202) 965-8100
Facsimile:  (202) 965-8104
Email:  fgb@jordenusa.com
Email:  fj@jordenusa.com

**Attorneys for Defendant**
**American Security Insurance Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on August 17, 2012 with the Clerk by using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                  */s/ Farrokh Jhabvala*

#203907